Dear Ms. Jessamy:
You have requested our opinion on two questions related to the part of the State firearms law that makes it a crime for a person who has previously been convicted of a "crime of violence" to possess a firearm. You note that the term "crime of violence" is defined in Article 27, § 441(e) and ask for our interpretation of two of the categories of offenses listed in that definition:
 (1) Does a conviction for assault or battery under common law fall within the category of "assault in the first or second degree" set forth in § 441(e)(3)?
 (2) What offenses are included in the final category of that definition, § 441(e)(17), which refers to "assault with intent to commit any of the aforesaid offenses or any offense punishable by imprisonment for more than 1 year"? In particular, should the second clause of that category be construed to include as a crime of violence any offense for which a defendant could receive more than one year imprisonment, regardless of whether it involved an assault?
For the reasons set forth below, we conclude that:
 (1) A conviction for common law assault or common law battery is included in § 441(e)(3).
 (2) The final category of the definition of "crime of violence" includes assault with intent to commit any offense punishable by imprisonment for more than 1 year. However, it does not encompass all offenses that carry a potential penalty in excess of one year imprisonment.
 I Crime of Violence
A. Maryland Firearms Law
Under the Maryland firearms law, a person who has been convicted (or adjudicated delinquent) of a "crime of violence" may not possess a regulated firearm.[1] Annotated Code of Maryland, Article 27, § 445(d)(1). A person who possesses a regulated firearm in violation of that statute is subject to a mandatory minimum sentence of five years imprisonment and a fine of up to $10,000. Article 27, § 449(e)-(f) (as amended by
Chapter 2, Laws of Maryland 2000).[2] The statute is "intended to prevent those who have already demonstrated a propensity for violence, as evidenced by a conviction of a crime of violence, from possessing handguns." Johnson v. State, 67 Md. App. 347,378, 507 A.2d 1134, cert. denied, 307 Md. 260, 513 A.2d 314, cert.denied, 479 U.S. 993 (1986).
Indictment for, or conviction of, a "crime of violence" also restricts the ability of a person to hold a license as a regulated firearms dealer under the firearms law. In particular, indictment for such an offense results in the suspension of a license. Article 27, § 443(h). Conviction is grounds for revocation of the license. Article 27, § 443(i).
The law defines "crime of violence" to mean:
(1) Abduction;
(2) Arson in the first degree;
(3) Assault in the first, second, or third degree;
(4) Burglary in the first, second, or third degree;
(5) Carjacking and armed carjacking;
(6) Escape in the first degree;
(7) Kidnapping;
(8) Voluntary manslaughter;
(9) Maiming;
 (10) Mayhem as previously proscribed under former § 384 of this article;
(11) Murder in the first or second degree;
(12) Rape in the first or second degree;
(13) Robbery;
(14) Robbery with a dangerous or deadly weapon;
 (15) Sexual offense in the first, second, or third degree;
 (16) An attempt to commit any of the aforesaid offenses; or
 (17) Assault with intent to commit any of the aforesaid offenses or any offense punishable by imprisonment for more than 1 year.
Article 27, § 441(e). Your inquiry is focused on categories (3) and (17).
B. Common Law Assault
You ask whether a conviction for assault or battery under common law falls within the definition of "crime of violence" as a result of the inclusion of "assault in the first or second degree" among the list of those crimes. Article 27, § 441(e)(3).
For many years, simple assault and battery were not included in the definition of "crime of violence." See Sangster v. State,70 Md. App. 456, 477, 521 A.2d 811 (1987), aff'd, 312 Md. 560,541 A.2d 637 (1988). In 1996, the General Assembly added the category of "assault in the first or second degree" to the list of crimes of violence. Chapter 632, Laws of Maryland 1996.[3] This amendment was part of a bill that generally revised the criminal assault statutes and introduced the terms "assault in the first degree" and "assault in the second degree" into the law. Under this nomenclature, a person who commits an assault is guilty of the misdemeanor of second degree assault. Article 27, § 12A.[4] The revised statute generally defines the term "assault" to mean "the offenses of assault, battery, and assault and battery, which terms retain their judicially determined meanings." Article 27, § 12(b). The committee that drafted the revision explained that it believed that those meanings had been "extensively developed at common law and case law." See
Chapter 632, Laws of Maryland 1996 at p. 3619 (Committee Note).
Thus, by definition, the term "second degree assault" includes common law assault and common law battery. A conviction for either offense would be considered a crime of violence for purposes of the firearms statute.
C. Assault with Intent to Commit Certain Offenses
The final category of offenses in the definition of "crime of violence" is "assault with intent to commit any of the aforesaid offenses or any offense punishable by imprisonment for more than 1 year." Article 27, § 441(e)(17). You ask what crimes are included by the second clause of this provision. We understand your question to be whether this clause should be read to include only "assault with intent to commit any offense punishable by imprisonment for more than 1 year," or, more broadly, to include any offense punishable by more than one year in prison.
For several reasons, we believe that the narrower reading of this provision is the correct one. Logic, grammar, and the history of the statute all dictate this conclusion. First, § 441(e) defines "crime of violence" by listing various categories of offenses in separate numbered categories. The broader reading of § 441(e)(17) would violate this pattern by including two disparate offense categories — i.e., (1) "assault with intent to commit any of the aforesaid offenses" and (2) "any offense punishable by imprisonment for more than 1 year — in a single category. If the Legislature had meant to define "crime of violence" in this way, it would have simply created an 18th category for all offenses punishable by more than one year in prison.
Second, in our view, a more grammatically felicitous reading of the conjunction "or" in § 441(e)(17) would link the two phrases that begin with the word "any." In other words, the conjunction provides alternative objects for the introductory verbal clause. Thus, the phrase "assault with intent to commit" would be read to precede "any offense punishable by imprisonment for more than 1 year."
Third, the historical development of this section confirms this reading. The definition of "crime of violence" first appeared in the firearms section of the criminal code in 1941. Chapter 622, Laws of Maryland 1941. At that time it read as follows:
 The term "crime of violence" means murder, manslaughter, rape, mayhem, kidnaping, burglary, housebreaking; assault with intent to kill, commit rape, or rob; assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year.
Article 27, § 531A(4) (1941) (emphasis added). In later years, the list of offenses that constituted "crimes of violence" was refined on several occasions. However, throughout those revisions, "assault with intent to commit any offense punishable by imprisonment for more than one year" remained the final category of offense in the definition.
In 1996, as part of a reorganization and revision of the firearms law, the list of offenses was modified in certain respects and the phrase "any of the aforesaid offenses or" was inserted after the word "commit" in the final category. Chapters 561, 562, Laws of Maryland 1996. This amendment of the final category, which has always designated certain types of assaults, thus simply appears to expand the types of intent with which an applicable assault offense could be committed. This modification may simply be a recognition that, prior to the revision of the assault statute in 1996 to label assault offenses by "degrees," the criminal code proscribed aggravated assault by describing the intent that accompanied the assault.
Finally, we note that, if § 441(e)(17) were read to include any offense punishable by more than one year in prison, it would dramatically expand the scope of the definition of "crime of violence," encompassing many crimes not ordinarily considered to involve violence.[5] Indeed, the prior 16 categories in the definition would become superfluous as they all would be subsumed by this final clause. There is no evidence in the legislative history of the statute that the Legislature contemplated such a dramatic expansion of this term.
 II Conclusion
In our opinion, a conviction for common law assault or common law battery is included in the definition of "crime of violence" in § 441(e)(3). The final category of the definition of "crime of violence" should be construed to include an assault with intent to commit any of the offenses enumerated in Article 27, § 441(e) and assault with intent to commit any offense punishable by imprisonment for more than 1 year. It does not include all
offenses punishable by more than one year in prison.
 Very truly yours, J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] The statute defines "regulated firearm" to include "any handgun" — i.e., "any firearm with a barrel less than 16 inches in length including signal, starter, and blank pistols" — or "any assault weapon" as listed in the Firearms Law, Article 27, § 441(d), (n), (r).
[2] In your letter requesting this opinion, you indicate that your inquiry is prompted by the passage of the Responsible Gun Safety Act of 2000, Chapter 2, Laws of Maryland 2000. Among other things, that law enhanced the penalty for individuals convicted of possessing a regulated firearm after having been convicted of a "crime of violence." We note that this legislation did not amend the definition of "crime of violence" in § 441(e) and therefore does not affect the answers to your questions.
[3] This addition to the law was not immediately reflected in the code, apparently because § 441 was also substantially revised that same session in the Maryland Gun Violence Act of 1996. See Chapters 561, 562, Laws of Maryland 1996. The error was remedied the following year in the annual corrective bill. Chapter 14, Laws of Maryland 1997.
[4] The statute defines "first degree assault" as an aggravated form of assault — i.e., the offender intentionally causes or attempts to cause serious physical injury or uses a firearm. See Article 27, § 12A-1.
[5] For example, under this reading, the following crimes, among many others, would be "crimes of violence": willful sale of an unregistered franchise (Annotated Code of Maryland, Business Regulation Article, § 14-228), knowingly acting as an insurance agent without a license (Insurance Article, §§ 27-405, 27-408), sale of counterfeit lottery tickets (State Government Article, § 9-124), and trademark counterfeiting (Article 27, § 48A).
 *Page 265